UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSUE NOEL VENTURA,

                       Plaintiff,

        - against -

AIR WOLF, INC., ORAL D. SMITH, AND
KELVIN RODRIGUEZ,

                      Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1841 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On April 17, 2020, Defendants Air Wolf, Inc. and Oral D. Smith, with consent of Defendant Kelvin Rodriguez, filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Notice, Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Josue Noel Ventura alleges that on August 15, 2019, he was seriously injured while a passenger in a motor vehicle driven by Defendant Rodriguez when that motor vehicle was involved in a crash with a motor vehicle owned by Defendant Air Wolf and operated by Defendant Smith. (Complaint, Dkt. 1-1, ¶¶ 29–31.) Plaintiff's complaint demands damages against the defendants "in a sum exceeding the jurisdictional limits of all lower Courts that would otherwise have jurisdiction" (*id.* at 7), but does not specify any specific damages amount.

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 5.) The Notice alleges that Plaintiff is a citizen of New York while Defendant Air Wolf is a citizen of Indiana, Defendant Smith is a citizen of Florida, and Defendant Rodriguez is a citizen of New Jersey. (*Id.* ¶¶ 2–3.) With respect to the

1

amount in controversy, the Notice only states that "the matter in controversy exceeds the sum or value of $75,000." (*Id.* ¶ 5.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

2

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the matter in controversy exceeds $75,000" (Notice, Dkt. 1, ¶ 5) without providing any factual allegations to support this conclusion. Furthermore, here, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's complaint], because the [c]omplaint does not allege a damages amount."[1] *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiff only alleges that he was damaged "in a sum exceeding the jurisdictional limits of all lower Courts that would otherwise have jurisdiction." (Complaint, Dkt. 1-1, at 7.) This mention of the "lower Courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Mass. Mut.*, No. 08-CV-0949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (internal citation omitted); *see id.* at *2 n.3 (collecting cases).

Finally, neither the complaint nor the Notice contains sufficient information regarding the nature and extent of Plaintiff's injuries to permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. Plaintiff's allegations that he "has sustained severe personal injuries to his head, limbs, and body," understands some of his injuries to be "of

---

[1] The version of Plaintiff's Complaint filed as Exhibit 1 to the Notice of Removal appears to be missing at least two pages. The Court has no way to discern whether the missing pages might contain additional details as to the damages that Plaintiff seeks, but notes that it is not uncommon for damage suits arising out of car accidents in New York courts to omit a damages amount. *Cf., e.g.*, *Anderson v. Keystone Freight Corp.*, No. 19-CV-5381 (PKC) (VMS), 2019 WL 5291173, at *2 (E.D.N.Y. Oct. 18, 2019); *Blackwell v. Ryder Truck Rental, Inc.*, No. 19-CV-5561 (PKC) (PK), 2019 WL 5291182, at *2 (E.D.N.Y. Oct. 18, 2019); *Herrera*, 2016 WL 4536871, at *2.

permanent, progressive, and/or lasting nature," that he "was caused to seek hospital care, medical aid, and attention," and "[t]hat he has been unable to attend to his usual vocation and activities" may support a claim for greater than $75,000 in damages, but without additional detail regarding the "nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses he purportedly suffered," *Herrera*, 2016 WL 4536871, at *2, the Court cannot say whether there is a "'reasonable probability' that the claim is in excess of [$75,000]." *Id.* (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)).

Moreover, Plaintiff's general allegations that he "sustained serious injuries as defined by Subdivision (d) of 5102 of the Insurance Law" and "sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of 5104 of the insurance law" (Complaint, Dkt. 1-1, at ¶¶ 35–36) are not enough. *See Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"). Accordingly, the Court finds that Defendants' allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction.[2] Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

---

[2] The Court notes that Defendant "is not without recourse to determine the amount of damages Plaintiff seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 523317/2019, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 22, 2020
       Brooklyn, New York