UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSUE NOEL VENTURA,

                Plaintiff,

      - against -

AIR WOLF, INC., ORAL D. SMITH, and
KELVIN RODRIGUEZ,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1841 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

      Defendants Air Wolf, Inc. and Oral D. Smith move for reconsideration of the Court's April 22, 2020 Order remanding this case to New York State Supreme Court, Kings County. (Dkt. 7.) For the reasons set forth below, Defendants' motion for reconsideration is denied.

      On April 22, 2020, the Court remanded this case *sua sponte* pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. (Dkt. 6.) That same day, a copy of the Court's remand order was mailed to the Kings County Supreme Court. (Notation, Dkt. 6.)

      Under 28 U.S.C. § 1447, "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). "[T]he 'or otherwise' language of section 1447(d) [] bars district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Comm'r of Soc. Servs. ex rel. Boertlein v. Clarke,* 768 F. App'x 92, 93 n.1 (2d Cir. 2019) (summary order) (citation omitted); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) ("This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.") (citation and internal

1

quotation omitted). Thus, the Court is barred under 28 U.S.C. § 1447(d) from reconsidering its order to remand, and must deny Defendants' motion.[1]

## CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 6, 2020
Brooklyn, New York

---

[1] Moreover, were the Court able to reconsider its order to remand, it would likely find again that it lacks subject matter jurisdiction in this matter. While Defendants assert that Plaintiff claims in his Verified Bill of Particulars to have incurred damages of $10,000,000 (Dkt. 7), the Court is unable to find any such figure in the Bill of Particulars filed by Defendants in support of their letter (Dkt. 8). Rather, the Bill of Particulars lists Plaintiff's injuries and alleges special damages of "Hospitals: approximately $10,000.00" and "Physicians: approximately $10,000.00 and continuing," as well as unspecified damages for future medical expenses to be established at trial. (*Id.* ¶¶ 8, 14.) Notably, Plaintiff does not claim damages due to lost earnings. (*Id.* ¶ 12.) Because the damages listed explicitly in the Bill of Particulars amount only to $20,000 plus unspecified future medical expenses, the Court cannot conclude that these unspecified future expenses bring the claimed damages over the $75,000 jurisdictional threshold. *See, e.g.*, *Heery v. Stop & Shop Supermarket Co. LLC*, No. 17-CV-1962 (DLI) (PK), 2017 WL 1745490, at *3 (E.D.N.Y. May 3, 2017) ("[Defendants] cannot rely on Plaintiff's silence as to the amount of damages in the Bill of Particulars as the basis for removal."); *Keenan v. Macy's, Inc.,* No. 10-CV-4672 (HB), 2010 WL 3167731, at *2 (S.D.N.Y. Aug. 9, 2010) (finding that a Bill of Particulars describing injuries but failing to explicitly state that damages exceed the jurisdictional amount failed to provide a basis for removal).

Additionally, if the Bill of Particulars had provided the requisite damages information, the Court notes that it is likely that the notice of removal in this case would have been untimely. Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." If the complaint does not allege facts to make the case removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."). While the notice of removal in this case was filed on April 17, 2020 (Dkt. 1), the Bill of Particulars is dated February 3, 2020, over two months earlier (Dkt. 8, at 6).